## EDWARD GREEN v. J. D. WHALEY, Administrator of the Estate of DAVID J. GREEN, Deceased.

**Division Two, May 26, 1914.**

**MONEY HAD AND RECEIVED: Notes.** Where out of money deposited in the names of two brothers, but claimed by one, loans were made on notes payable to the other in order that, if he should survive, he would have support, and in case his brother should survive the notes would be his, the claiming brother surviving would have no action against the payee's estate for money had and received, while the notes are in existence.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston,* Judge.

REVERSED AND REMANDED.

*J. M. McPherson* for appellant; *S. H. Lattimore, C. H. Huberich, George C. Butte, Robert J. Boone* and *W. Cloud* of counsel.

*Thomas Carlin, W. B. Skinner* and *I. V. Mc-Pherson* for respondent.

ROY, C.—Action for money had and received.
Money Had and Received: Unpaid Notes. Verdict and judgment for plaintiff, and defendant has appealed.

Edward Green, the plaintiff, and David Joseph Green were brothers, born in Germany. About 1893 the shoe business of "Green Bros." was carried on in Chicago. About 1900 Green Bros. sold out of the shoe business, and went into the commission business in that city, it being principally poultry and eggs. In the spring of 1905 the business in Chicago was sold and resumed in Pierce City, Mo., under the same name. Soon after the removal to Pierce City, about $18,000 was deposited in different sums in the Pierce City National Bank to the credit of "Green Bros." A similar account had been kept in a Chicago bank. Soon after the brothers came to Pierce City, two loans were made out of the funds of Green Bros. in the bank; one for $2300 and one for $500, the notes being payable to Edward Green and David J. Green, or the survivor. Afterward loans were made out of that fund on notes payable to David J. Green, as follows:

August 19, 1905 .........................$1400
August 25, 1905 ......................... 2750
Sept. 1, 1905 ............................ 700
Sept. 5, 1905 ............................ 700
Sept. 7, 1905 ............................ 800

On September 28, 1905, a check was drawn on that account payable to David J. Green for $2000, which was used by him in making a loan of about $1000, the other thousand being used in the purchase of land which was conveyed to him. Those notes were all secured on real estate by deeds of trust in which Edward was made trustee.

The evidence for the plaintiff was to the effect that the plaintiff was the sole owner of the business

of "Green Bros.", both while in Chicago and in Pierce City; that David J. Green was weak minded, without financial means and dependent on the plaintiff, receiving a small salary from the plaintiff for what he did in connection with the business of "Green Bros."

Mr. Carlin, one of plaintiff's counsel, testified that he attended to making the loans. There were others made out of the same fund on notes payable to Edward Green. That the notes representing the two first loans which were made payable to both the brothers were kept by Edward in his possession. That David J. became dissatisfied and fearful that he, in case of Edward's death, would not be able to control the notes, and insisted that the notes should be made payable to him.

That Edward stated to Mr. Carlin in David's presence that the money was Edward's and that the purpose in making the notes payable to David was to have it so that in case Edward should die first, the money would go to David. Mr. Carlin testified that Edward said that the $2000 check of September 28 was given to David to make loans, and that he (Edward) was not satisfied with the use David had made of it.

The petition was in fourteen counts, the first six counts being for the recovery of the amounts hereinbefore set out as for money lent to David. The counts from eight to thirteen inclusive were for money had and received based on the same items. The verdict was for the plaintiff on those last-mentioned counts.

The notes payable to David J. Green were by him kept in his private box at the bank, and were there when he died, and were inventoried as a part of his estate. There is no allegation in the petition nor is there any evidence that any collections were ever made by the estate on the notes.

The bill of exceptions does not call for the instructions. The motion for a new trial alleges that upon the whole record and proceedings in the case the ver-

Green v. Whaley.

dict and judgment should have been for the defendant; also that the verdict is against the evidence and against the weight of the evidence.

Plaintiff claims that he loaned money on notes made payable to David J. Green, in order that, in case David was the survivor of the two, he (David) would have means of support, and that, in case plaintiff was the survivor, the notes should be his. If such were the facts, the plaintiff would have no cause of action against David's estate for money had and received. The notes on which the money was loaned were still in existence when David died. If the facts are as plaintiff contends, he would perhaps be entitled to the notes, but he is not entitled to a judgment for money had and received. Whether plaintiff would be entitled to a judgment for the amount of money out of the $2000 check invested by David in land we will not decide, as the judgment must be reversed for the reasons stated. It was held in Henderson v. Koenig, 192 Mo. 690, that assumpsit will lie whenever the defendant has received money which in equity and good conscience he ought to pay over to the plaintiff. Leaving out of consideration the check for $2000, David did not receive any money from Edward. The money went into the notes. Out of the check for $2000 David made a loan for about $1000 in accordance with the alleged understanding between them. Having done so, his estate is not in equity under any obligation to refund the money. The verdict, except as to the money invested in the land, is without any evidence to support it. Wherefore, the judgment is reversed and the cause remanded. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. *Walker, P. J.,* and *Brown, J.,* concur; *Faris, J.,* in the result.